IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 28, 2006 Session

# WILLIS BRUCE AMOS, ET AL. v. THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE

### Appeal from the Chancery Court for Davidson County
### No. 02-2622-I    Claudia C. Bonnyman, Judge

_____

### No. M2005-00932-COA-R3-CV - Filed on August 2, 2007

_____


FRANK G. CLEMENT, JR., J., dissenting.

I respectfully disagree with the majority's conclusion that the lump-sum payments made to Appellants upon their retirement were not for performing personal services; but instead, were in lieu of the employee using his/her accrued vacation time. Although the payments were indeed made in lieu of the employee using his/her accrued vacation time, the payments were compensation for the employee performing personal services during his/her employment.

As this Court noted in *Gaines v. Response Graphics, Inc.,* "[a] paid vacation is a form of compensation." *Gaines v. Response Graphics, Inc*., 1992 WL 319441, *1 (Tenn. Ct. App. Nov. 6, 1992) (citing 48A Am.Jur.2d Labor and Labor Relations § 1822). The Court went on to state that "[a]bsent some agreement to the contrary, vacation pay is just like any other compensation that has accrued up to the time of separation." *Id.*

The Metropolitan Code § 3.08.010(3), in pertinent part, defines "earnings" as "the total cash compensation paid by the Metropolitan Government . . . to a Metropolitan employee for his personal services . . . ." The record tells us, if an employee uses vacation time to take a day off, the employee receives compensation for that day, as if the employee had worked, which is remitted in the employee's periodic paycheck, usually at the end of the month. When an employee retires, if the employee has accrued vacation time not taken, the employee may elect to receive a lump-sum cash payment for the accrued vacation time not used, or the employee has the option to elect to remain on the payroll, take the days off that remain until they are extinguished, and receive payment for each day as though the employee had worked that day. In either event, the employee is compensated for the earned vacation day.

The employee is compensated for the value of a vacation day, whether still on the active payroll or just retired. The only difference between the two forms of compensation is the timing of the compensation and whether it is paid in installments, usually monthly, or in one lump sum.

In summary, I would reverse the decision of the trial court and hold that the lump-sum payments for accrued vacation time are to be included in the calculation of Appellants' pension benefits.

_____
FRANK G. CLEMENT, JR., JUDGE